Appellant Robert Swigert appeals a judgment of the Coshocton County Common Pleas Court finding him to be a sexual predator pursuant to R.C. 2950.09:
ASSIGNMENTS OF ERROR
 I. THE COURT'S DECISION VIOLATES THE OHIO FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
 II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In 1983, appellant was cited by the Coshocton County Grand Jury with two counts of rape and ten counts of compelling prostitution. On July 28, 1983, appellant pled guilty to three counts of compelling prostitution and one count of engaging in sexual conduct.
Following a recommendation by the warden of the penial institution where appellant was serving his sentence, the court conducted a hearing to determine whether appellant should be classified as a sexual predator as defined in newly enacted R.C. Chapter 2950. The court conducted a hearing, and determined that appellant was a sexual predator.
 I
Appellant argues that R.C.2950 violates the retroactivity andex post facto clauses of the U.S. and Ohio Constitutions. This assignment of error is overruled on the authority of State v.Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
The first assignment of error is overruled.
 II
Appellant argues that the statute is void for vagueness. This assignment of error is overruled on the basis of State v. Albaugh (February 1, 1999), Stark Appellate No. 1997CA00167 and 1997CA00222, unreported.
 III
Appellant argues the judgment finding him to be a sexual predator is against the manifest weight of the evidence.
R.C. 2950.09(B)(1) provides that upon receiving recommendation that an offender be classified as a sexual predator, the court shall conduct a hearing. The statute then sets out factors to consider in determining whether the offender is a sexual predator. After reviewing all testimony and evidence presented at the hearing, and these statutory factors, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09 (B)(3).
Although the court held a hearing in the instant case, the court did not take evidence at that hearing. Rather, the court based his finding on the statements and arguments before him at sentencing in 1983. Because the judge was the same judge who sentenced appellant, he concluded based on information from sentencing, and the recommendation from the Department of Corrections, that appellant was in fact a sexual predator.
The state of record in the instant case does not give the court any evidence to review. The court does not in his judgment entry set forth specific findings based on the statutory factors, nor does he state on the record what he relied on in making the sexual predator determination. As the court did not conduct a proper evidentiary hearing as required by the statute, the third assignment of error is sustained.
The judgment of the Coshocton County Common Pleas Court is reversed. This case is remanded to that court with instructions to conduct an evidentiary hearing on the issue of appellant's classification.
By Gwin, P.J., Farmer, J., and Edwards, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Common Pleas Court is reversed. This case is remanded to that court with instructions to conduct an evidentiary hearing on the issue of appellant's classification.
--------------------
--------------------
 -------------------- JUDGES